**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GLEN BORSELLA and JO-ANN**
**BORSELLA, his wife,**
        **Plaintiffs,**

**-vs-**                                         **Case No. 6:11-cv-1249-Orl-28GJK**

**JACK PARKER, in his official capacity**
**as Sheriff of Brevard County, Florida,**
**and BRIAN JONES,**
        **Defendants.**
_____

## ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 11) filed by Defendants, Sheriff Jack Parker and Deputy Brian Jones (collectively "Defendants") and the Response opposition thereto (Doc. 14) filed by Plaintiffs, Glen Borsella ("Mr. Borsella") and Jo-Ann Borsella ("Mrs. Borsella") (collectively "Plaintiffs"). For the reasons set forth below, Defendants' Motion to Dismiss will be granted in part and denied in part.

Background

Mr. Borsella alleges that on or about April 17, 2007, Deputy Jones initiated a traffic stop of a vehicle that Mr. Borsella was driving on Interstate 95 near mile marker 192 in Brevard County, Florida. (Doc. 2 ¶¶ 7, 9.) Deputy Jones stopped Mr. Borsella's vehicle after observing that it displayed a license plate that was not assigned to that vehicle. (Id. ¶ 9.) Mr. Borsella alleges that Deputy Jones aggressively directed him to exit the vehicle and "constantly" grabbed at his firearm in a threatening manner. (Id. ¶ 10.) Once Mr. Borsella exited the vehicle, Deputy Jones "violently grabbed" him and placed handcuffs on each of

his wrists.  (Id.)  Mr. Borsella claims that Deputy Jones placed the handcuffs on too tightly and in a manner that caused pain but would not loosen the handcuffs, even after Mr. Borsella complained that they were causing him pain.  (Id. ¶ 11.)  Instead, Deputy Jones "violently grabbed" Mr. Borsella and "threw" him onto the trunk of Deputy Jones's police car.  (Id.)  Deputy Jones then placed Mr. Borsella in the back seat of the police car and left him there for approximately one and a half hours, during which Mr. Borsella's hands "turn[ed] purple" from constriction by the handcuffs.  (Id. ¶ 12.)

Upon reaching the Brevard County Jail, Deputy Jones left Mr. Borsella sitting in the back seat of the police car while it was parked in the sunlight and with the vehicle's air conditioning off, despite Mr. Borsella's complaints that he could not stay in the heat for long periods of time due to a "bad heart."  (Id. ¶ 20.)  Eventually, the handcuffs were removed when Mr. Borsella was booked into the Brevard County Jail.  (Id.)  Mr. Borsella claims to have suffered "serious and permanent injuries" as a result of this incident.  (Id. ¶ 23.)

Mr. Borsella alleges that Deputy Jones and Sheriff Parker violated Mr. Borsella's rights under the Fourth Amendment to the U.S. Constitution (Counts III and V respectively).  In addition, Mr. Borsella alleges four state law claims: that Deputy Jones committed a "violation of ministerial duties" (Count I), intentional infliction of emotional distress by Deputy Jones and Sheriff Parker (Count II), that Deputy Jones violated Mr. Borsella's rights under the Florida Constitution (Count IV), and that Sheriff Parker is vicariously liable for Deputy Jones's conduct (Count VI).  Finally, Mrs. Borsella claims loss of consortium (Count VII).  Defendants now move to dismiss all counts of Plaintiffs' First Amended Complaint.

## Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## Analysis

I. Federal Claims

    A. Mr. Borsella's § 1983 Claim Against Deputy Jones

In Count III of his First Amended Complaint, Mr. Borsella alleges that Deputy Jones "deprived Mr. Borsella of his rights under the Fourth Amendment to the United States Constitution" and is therefore liable under § 1983. (Doc. 2 ¶ 31.) Construing Mr. Borsella's First Amended Complaint liberally, the Court will evaluate Count III as a claim of unlawful arrest and a claim of excessive force.

        1. Qualified Immunity

Deputy Jones raises qualified immunity as an affirmative defense to Mr. Borsella's § 1983 claim. "Qualified immunity protects government officials performing discretionary

functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Andujar v. Rodriguez, 486 F.3d 1199, 1202 (11th Cir. 2007) (quoting Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003)). "The immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" Jordan v. Mosley, 487 F.3d 1350,1354 (11th Cir. 2007) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., 400 F.3d 1313, 1319 (11th Cir. 2005)). If a plaintiff's complaint "fails to allege the violation of a clearly established constitutional right," a defendant is entitled to qualified immunity upon a motion to dismiss. Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997); see also Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) ("Because qualified immunity is a defense not only from liability, but also from suit, it is 'important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible.'") (quoting GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir.1998)).

### a. Deputy Jones's Arrest of Mr. Borsella

"To receive qualified immunity protection, 'an officer need not have actual probable cause but only "arguable probable cause"'" to arrest. Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003) (quoting Montoute v. Carr, 114 F.3d 181, 184 (11th Cir.1997)). "Arguable probable cause exists 'where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[ ] could have believed that probable cause existed to arrest.'" Lee, 284 F.3d at 1195 (quoting Scarbrough v. Myles, 245 F.3d 1299, 1302 (11th Cir.2001)). Additionally, if actual probable cause for an arrest is present, it serves as an absolute bar to a § 1983 claim for false arrest. Marx v. Gumbinner, 905 F.2d 1503, 1505-06

(11th Cir. 1990) (citing Howell v. Tanner, 650 F.2d 610, 614 (5th Cir. Unit B 1981), and Williams v. Kobel, 789 F.2d 463, 470 (7th Cir. 1986)). Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Williamson v. Mills, 65 F.3d 155, 158 (11th Cir.1995)

As currently alleged, Deputy Jones had actual probable cause to arrest Mr. Borsella. In his First Amended Complaint, Mr. Borsella alleges that Deputy Jones initiated a traffic stop of Mr. Borsella's vehicle after observing that the license plate displayed on the vehicle was expired and not assigned to the vehicle Mr. Borsella was driving. (Doc. 2 ¶ 9.) Section 320.261, Florida Statutes, provides, generally, that any person who knowingly attaches a motor vehicle license plate to a vehicle for which the plate is not lawfully assigned commits a second-degree misdemeanor. Therefore, under the facts alleged in the First Amended Complaint, Deputy Jones had probable cause to arrest Mr. Borsella for violation of section 320.261, and Mr. Borsella's § 1983 claim for unlawful arrest will be dismissed. However, Mr. Borsella will be granted leave to amend because he asserts that this allegation regarding the expired plate was a misstatement. (Doc. 14 at 3 n.2.).

    b. Deputy Jones's Use of Force upon Mr. Borsella

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee, 284 F.3d at 1197. To determine whether the amount of force used was excessive, "a court must ask whether a reasonable officer would believe that this level of

force is necessary in the situation at hand." (Id. (quotation omitted)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396 (1989). This "standard 'looks to the need for force, the amount of force used, and the injury inflicted." Hamilton v. City of Jackson, Ala., 261 F. App'x 182, 186 (11th Cir. 2008 (quoting Jones v. City of Dothan, 121 F.3d 1456, 1460 (11th Cir. 1997)). Other factors that should be examined "'inclu[de] the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Lee, 284 F.3d at 1197-98 (quoting Graham, 490 U.S. at 396).

Qualified immunity applies to an excessive force claim unless every reasonable officer in the arresting officer's position would conclude that the force used was unlawful. Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993). Furthermore, a law enforcement officer's application of *de minimis* force upon an arrestee, without more, will not defeat qualified immunity or support a claim for excessive force in violation of the Fourth Amendment. Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000).

Mr. Borsella alleges that Deputy Jones violated Mr. Borsella's Fourth Amendment rights through an excessive use of force when he "violently grabbed" Mr. Borsella, placed handcuffs too tightly on Mr. Borsella, refused to loosen or release the handcuffs until they reached the Brevard County jail, repeatedly "grabb[ed] at his firearm in a threatening manner," and "violently" threw Mr. Borsella onto the trunk of his police car. (Doc. 2 ¶¶ 10-12.) Mr. Borsella alleges that as a result of these actions he "suffered serious and

permanent injuries." (Id. ¶ 23).

Reading Mr. Borsella's allegations in the light most favorable to him, Mr. Borsella did not present a threat of violence, resist arrest, or provoke the police in any manner. Additionally, the severity of the crime for which Mr. Borsella was being arrested weighs in favor of utilizing less force, as it was a second-degree misdemeanor. When compared to the lack of any immediate threat to Deputy Jones or others, the amount of force allegedly used against Mr. Borsella could be objectively unreasonable. For example, Mr. Borsella alleges that he was violently grabbed and thrown against the trunk of Deputy Jones's police car and that such actions caused him severe and permanent injuries. The First Amended Complaint states a claim for use of excessive force by Deputy Jones which overcomes the defense of qualified immunity at this stage in the case. Thus, Mr. Borsella's claim of excessive force against Deputy will not be dismissed.

b. Mr. Borsella's § 1983 Claim Against Sheriff Parker

In Count V of his Amended Complaint, Mr. Borsella alleges that through "custom, policy and/or practice of the Brevard County Sheriff's Office," Sheriff Parker violated Mr. Borsella's constitutional rights by failing to "properly train, evaluate, supervise, investigate, review and/or discipline its police officers, [and] allow[ing] Jones to function as a police officer," the capacity in which Deputy Jones committed the alleged acts upon Mr. Borsella. (Doc. 2 ¶ 38.) This claim is brought against Sheriff Parker in his official capacity. "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.' Such suits against municipal officers are therefore, in actuality, suits directly against the [entity] that the

officer represents." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

However, a "municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). "Instead, to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). With respect to § 1983 liability for a municipality's failure to train or supervise its police officers, a plaintiff must show that the municipality failed to train officers as a result of a conscious choice or "deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Mr. Borsella has not adequately pleaded a claim for municipal liability under these standards. For example, he alleges several alternative mental states–including "negligence"–which does not rise to the requisite level of "deliberate indifference." However, because it does not appear that this deficiency and others in this could not be corrected, leave to amend will be granted.

II. State Law Claims

Defendants move to dismiss all of Plaintiffs' state-law claims (Counts I, II, IV, VI, and VII) for failure to comply with the pre-suit notice requirement of section 768.28(6)(a), Florida

Statutes.[1] Section 768.28(6)(a) provides, in relevant part:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also . . . presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing . . . .

Section 768.28(6)(a)'s requirements must be strictly construed. Menendez v. N. Broward Hosp. Dist., 537 So. 2d 89, 91 (Fla. 1988). "[A] separate notice is required for a spouse's derivative claim." Osten v. City of Homestead, 757 So. 2d 1243, 1244 (Fla. 3d DCA 2000). Along with pre-suit notice, section 768.28(6)(a) requires that a complaint contain an allegation that the plaintiff has given notice pursuant to the statute. Levine v. Dade Cnty. Sch. Bd., 442 So. 2d 210, 213 (Fla. 1983) (citing Commercial Carrier Corp. v. Indian River Cnty., 371 So. 2d 1010 (Fla. 1979)). "[A]bsent an allegation of departmental notice, the complaint fails to state a cause of action." Menendez, 537 So. 2d at 91.

In the First Amended Complaint, Plaintiffs do not allege that notice was provided pursuant to section 768.28(6)(a). Plaintiffs acknowledge this defect in their Response to Defendants' Motion to Dismiss and request leave to amend their complaint to allege that they have provided proper notice. (Doc. 14 at 8.) Plaintiffs attached, as an exhibit to their response, a partial copy of what appears to be notice of Mr. Borsella's claim to the Brevard County Sheriff's Office and the Florida Department of Financial Services, along with a certified mail receipt and return receipt. (Doc. 14-1.) Because Plaintiffs failed to comply with

---

[1] Florida law applies to Mr. Borsella's state-law claims. See Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007) (substantive state law applies to claims heard on the basis of supplemental jurisdiction).

section 768.28(6)(a)'s strict requirement by failing to allege that they each provided notice of their claims, Plaintiffs' state-law claims brought in Counts I, II, IV, VI, and VII shall be dismissed. Because it appears that Mr. Borsella may have provided notice as required by section 768.28(6)(a), this dismissal is without prejudice, and Plaintiffs are granted leave to amend their complaint to allege proper notice. See Fed. R. Civ. P. 15(a)(2) (the court should freely give leave to amend a pleading when justice so requires).

### IV. Conclusion

In accordance with the foregoing, it is further **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. 14) is **DENIED in part** and **GRANTED without prejudice in part**. The motion is **DENIED** insofar as it pertains to that portion of Count III that sets forth an excessive force claim and is otherwise **GRANTED without prejudice**.

2. Counts I, II, IV, V, VI and VII of Plaintiffs' First Amended Complaint are **DISMISSED without prejudice**. That portion of Count III that alleges a false arrest claim is also **DISMISSED without prejudice**.

3. Plaintiffs may file a Second Amended Complaint **on or before Friday March 30, 2012**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 13th day of March, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record